UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MIA F. ROBICHAUD<br>Defendant. | No. 2:25-cr-00201-DJC-1<br><br>ORDER |

Pending before the Court is a criminal appeal of the Magistrate Judge's Decision and Judgment finding Appellant guilty of violating 36 C.F.R. § 261.3. Appellant argues that insufficient evidence existed to establish Appellant's conviction beyond a reasonable doubt. The Government argues that the Magistrate Judge's decision was sufficiently supported by the evidence. For the reasons discussed below, the Court AFFIRMS the Magistrate Judge's Decision and Judgment.

**BACKGROUND**

In 2024, Appellant Mia Robichaud was charged with one count of violating 36 C.F.R. § 261.3(a), threatening, resisting, intimidating or interfering with a forest officer engaged in official duties and one count of violating 36 C.F.R. § 261.53(e), prohibiting presence in an area closed or restricted for the protection of public health and safety.

(Charging Doc. (ECF No. 4).) Appellant's charges stemmed from her presence at the Rainbow Family's annual gathering in Plumas National Forest from the end of June 2024 through the beginning of July 2024.

## I. Factual Background

Appellant arrived in the Plumas National Forest for the Rainbow Family gathering on June 22, 2024. (Transcript (ECF No. 65) at 220:20–221:1.) On June 25, 2024, Plumas National Forest Supervisor Christopher Carlton signed Forest Service Order Number 05-11-02-24-05, which was an order closing a portion of the Plumas National Forest to most people from June 26, 2024, through July 15, 2024 (the "Closure Order"). (*Id.* at 199:1–199:13; Closure Order (ECF No. 69-2) at 1.)

On July 4, 2024, Appellant was still in the closure area and was told by Forest Service officers, along with other remaining Rainbow Family members, that they had 24 hours to clean up their camp. (*Id.* at 226:17–226:22.) The following morning, Forest Service officers returned to cite them for being in the area covered by the Closure Order. (*Id.* at 227:5–227:17.) Appellant was cleaning up from the gathering when she encountered Forest Service officers. (*Id.* at 228:4–228:8.) A forest officer asked Appellant to identify herself, but Appellant declined and stated she was exercising her right to peaceably assemble. (*Id.* at 31:11–19; 52:7–52:12.) A forest officer told Appellant that if she did not identify herself, she would be detained and taken to the local sheriff's office to be identified by LiveScan. (*Id.* at 32:10–33:6.) Appellant continued to decline to identify herself and stated she was exercising her right to peacefully assemble. (*Id.* at 52:17–52:19; 236:19–237:21.) The forest officers detained Appellant for "refusing to identify," handcuffed Appellant, walked her to a patrol car, searched her, and placed her in the back of the patrol car. (*Id.* at 34:5–34:18.) The forest officers drove Appellant to the Lassen County Sheriff's Office, where she was fingerprinted, identified and cited for interfering with a forest service officer. (*Id.* at 237:22–238:5.)

////

## I. Procedural History

After the charging documents were filed, Appellant pled "Not Guilty" to both 36 C.F.R. § 261.53(e), and 36 C.F.R. § 261.3(a), and a bench trial was scheduled. (ECF No. 7.) In March 2025, Appellant filed a motion to dismiss the charges with prejudice. (ECF No. 17.) The Magistrate Judge granted dismissal of the charge under 36 C.F.R. § 261.53(e) citing a lack of evidence that the requirements of 36 C.F.R. § 261.51(a) were satisfied when the Closure Order was issued. (ECF No. 21.) In April 2025, Appellant moved to dismiss the remaining count under section 261.3(a) (ECF No. 23), but the Magistrate Judge denied the motion without prejudice to further factual development (ECF No. 26).

The bench trial proceeded in front of Magistrate Judge Cota, and after both sides rested, Judge Cota found Appellant guilty of violating section 261.3(a) and ordered community service. (Transcript at 250:17-252:20.) In particular, Judge Cota held that "interference does, indeed, consist of two elements, whether the forest officers were performing an official duty and whether there was interference with that duty." (*Id.* at 250:19–250:22.) He reasoned that (1) the forest officers were performing an official duty by acting in response to the Closure Order; (2) the Closure Order was issued based on legitimate concerns and not as a way to punish or retaliate against the Rainbow Family's gathering; (3) Appellant's refusal to obey an order that was being appropriately enforced in good faith by these officers created a violation in the form of resistance; and (4) the refusal to give her name was not a constitutional right in these circumstances where the officers were proceeding with a good faith enforcement. (*Id.* at 250:23–251:21.) Judge Cota further held that there was no link between the refusal to identify herself, especially given the explanations the officers provided, and any Fourth Amendment protections here such that the defense's theory of their case failed. (*Id.* at 252:9–252:14.) Additionally, Judge Cota found that Appellant "did, indeed, remain calm and did, indeed, politely assert a constitutional

right as the defendant understood it, that she was desiring to peaceably assemble." (*Id.* at 251:22–252:2.)

Appellant filed the instant appeal of the decision and judgment (Appellant Opening Brief ("AOB") (ECF No. 69)), and the matter is fully briefed (Opp'n (ECF No. 70); (Reply (ECF No. 71)). The Court heard oral argument on June 6, 2026, and took the matter under submission (ECF No. 72.)

**STANDARD OF REVIEW**

This Court has jurisdiction over the appeal. 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."). Where an appeal of a Magistrate Judge's order or judgment is made, "[t]he defendant is not entitled to a trial de novo by a district judge," instead "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Courts of appeal review the sufficiency of the evidence presented at a bench trial de novo. *U.S. v. JDT,* 762 F.3d 984, 1000 (9th Cir. 2014) (citations omitted). When challenging the sufficiency of the evidence, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Strong,* 79 F.3d 925, 928 (9th Cir. 1996) (citation omitted).

**DISCUSSION**

A conviction for interference requires proof of two elements beyond a reasonable doubt: whether the forest officers were performing an official duty and whether there was interference with that duty. *See* 36 C.F.R. § 261.3(a); (Transcript at 250:17-250:22.) As to the first requirement, Appellant does not dispute that the forest officers were performing an official duty, and sufficient evidence exists to show they were carrying out the Closure Order. (*See* Transcript at 21:13–24:9.) As to the second element, which is at issue here, Judge Cota held that Appellant's failure to identify

herself after the forest officers acted in good faith in enforcing the closure order and advised Appellant of the enforcement process constituted interference with the official duty. (*Id.* at 251:11–252:8.)

Appellant argues that declining to obey the forest service officers' order to give her name, and at the same time asserting she was relying on her constitutional rights, did not constitute conduct amounting to "[t]hreatening, resisting, intimidating, or interfering" a forest service officer in violation of section 261.3(a). Appellant's argument primarily rests on the Supreme Court's decision in *District of Columbia v. Little,* 339 U.S. 1 (1950). According to Appellant, the Magistrate Judge erroneously rejected the application of *Little* to this case and incorrectly held that Appellant's refusal to give her name was not a "constitutional right in these circumstances" and that no Fourth Amendment rights were at stake. (AOB at 15.)

*Little* involved the District of Columbia's regulation making it a misdemeanor to "interfer[e] with or prevent[ ] any inspect[or]" from examining a building reported to be in an unsanitary condition (the "District law"). *See id.* at 5. The respondent, Geraldine Little, had been charged with violating the District law after she told the health officer, who had no search warrant, not to enter her home to inspect its condition and refused to unlock her door. *Id.* at 2. The lower courts reversed Little's conviction; finding that the Fourth Amendment forbade the health officer's conduct absent a search warrant. *Id.* The Supreme Court, however, avoided the constitutional question and instead held that even if the health officer had a lawful right to inspect the premises without a warrant, Little's mere refusal to unlock her door accompanied by remonstrances on substantial constitutional grounds did not constitute "interference" under the regulation. *Id.* at 2–4.

The Court agrees with the Magistrate Judge's conclusion and finds that *Little* is not dispositive. Appellant was charged with interference because she refused to provide her name to the forest officers. Appellant does not dispute that she lacked a Fourth Amendment right to withhold her name from the forest officers under the

circumstances. In *Hiibel v. Sixth Judicial District of Nevada, Humboldt County,* the Supreme Court analyzed whether a petitioner's arrest and conviction for refusing to identify himself during a *Terry* stop, in violation of Nevada law, contravened the Fourth and Fifth Amendments. 542 U.S. 177, 180 (2004). Although the decision involved the constitutionality of Nevada's "stop and identify" statute, the Court explained that "[i]n the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment." *Id.* at 185. The officer's conduct in arresting the petitioner under the "stop and identify" statute did not violate the Fourth Amendment because "the request for identification was reasonably related in scope to the circumstances which justified the stop." *Id.* at 188–89. Here, Appellant was in the process of receiving a citation for violating the Closure Order, such that no constitutional basis for refusing to provide her identity to the forest officer existed. Nor is Appellant's argument that she was resting on her First Amendment right persuasive because her interference charge was premised on the refusal to provide her name to the forest officers, not her assembly. (Transcript at 251:14–252:8.) Thus, Appellant's reliance on *Little* is misplaced because her remonstrances were not based on any constitutional right.

To the extent Appellant also argues that her refusal to identify did not constitute "interference" for purposes of violating section 261.3(a), the Court also disagrees. Section 261.3(a) prohibits: "[t]hreatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System is prohibited." 36 C.F.R. § 261.3(a). The Ninth Circuit has applied the common meaning of the word "interfere" in analyzing section 261.3(a), stating that it means to "oppose, intervene, hinder, or prevent." *U.S v. Willfong,* 274 F.3d 1297, 1301 (9th Cir. 2001). The regulation under which Defendant was convicted, section 261.3(a), falls under Title 36, Chapter II, Part 261, Subpart A, which lists the general prohibitions in the National Forest System. *Id.* at 1302. That Subpart includes a

provision, section 261.1, which defines the scope of all the prohibitions in that Subpart, including section 261.3(a). *Id.* "Section 261.1 clearly indicates that the prohibitions covered in the regulations are broad." *Id.* Thus, when section 261.3(a) is read in light of section 261.1(a), "the definition of 'interference' under the regulations applies to any act or omission that interferes with an officer's official duties." *Id.*

Appellant's arguments fail for a few reasons. First, the absence of any use or threat of force is not dispositive in this matter. *Willfong,* 274 F.3d at 1302 (". . . *Little* makes it clear that force or threatened force is not an essential ingredient of interference."). Second, even though the Closure Order was later found to be invalid, there is sufficient evidence to conclude (and indeed, largely no dispute) that the forest officials were acting in their official duties and that to enforce the Closure Order and to issue the citation, the officials needed to know Defendant's identity. *See id.* at 1300–01 (rejecting the defendant's argument that he could not have interfered with a forest official's attempt to enforce an invalid shutdown order because "so long as [the forest official] was performing his official duties in the administration of the Forest System, 36 C.F.R. § 261.3(a) prohibits anyone from interfering with those duties.").

Finally, unlike *Little,* where the Supreme Court noted the district law's limited definition of "interference," *Little,* 339 U.S. at 4, 6–7, section 261.3(a)'s definition of "interference" is broad enough to include both acts and omissions that interfere with official duty such that Defendant's failure to identify in response to the forest official's efforts to issue a citation while she was in the Closure Area constituted an interference. *See e.g., United States v. Cortesi,* No. CR-F-08-272-OWW, 2008 WL 4966754 (E.D. Cal. Nov. 21, 2008) (declining to find that a ranger's identification order violated defendant's Fourth or Fifth Amendment rights and holding that defendant's refusal to identify interfered with the ranger's official duty of investigating a disturbance and misappropriation that had been reported); *U.S. v. Buehler,* 793 F. Supp. 971 (E.D. Wash. 1992) (finding that a defendant's refusal to provide identification interfered with the ranger's duty of issuing the citation that required the defendant's correct name

and address).[1] Therefore, sufficient evidence exists to support a finding of interference with the forest officer's duty.

## CONCLUSION

The record demonstrates sufficient evidence to support finding that Defendant violated the essential elements of 36 C.F.R. § 261.3(a) beyond a reasonable doubt. Accordingly, Defendant's conviction and sentence are AFFIRMED and the Appeal (ECF No. 58) is DISMISSED.

IT IS SO ORDERED.

Dated: **August 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – ROBICHAUD25cv00201.misdo_appeal_v3

[1] Both of these cases involve violations of 36 C.F.R. § 2.32(a)(1), which the Ninth Circuit has described as including "analogous regulatory language" to section 261.3(a). *See United States v. Bucher,* 375 F.3d 929, 932 (9th Cir. 2004).